UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAYLOR CULLINANE, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM INC., M&E ROUTES, INC. AND MICHAEL DACEY,<br><br>Defendants. | Civil Action No. 1:22-cv-11129 |

### DEFENDANT FEDEX GROUND PACKAGE SYSTEM INC.'S
### NOTICE OF REMOVAL

Defendant FedEx Ground Package System Inc. ("FedEx Ground") hereby files its Notice of Removal of this action to the United States District Court for the District of Massachusetts based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act ("CAFA"). As explained below, (1) Plaintiff is a "citizen[s] of a state different from any defendant," (2) "the number of members of all proposed plaintiff classes in the aggregate is" over 100, and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." As such, all CAFA requirements are satisfied.

**I.   TIMELINESS OF REMOVAL**

1.   On or about June 1, 2022, a civil action was filed in the Superior Court of Massachusetts, County of Suffolk, captioned *Taylor Cullinane v. FedEx Ground Package System, Inc., et al.,* Civil Docket No. 2284CV01206-BLS1. On June 13, 2022, Plaintiff Taylor Cullinane ("Plaintiff"), served CT Corporation System, the Registered Agent for FedEx Ground,

with copies of the Complaint, Summons, Civil Action Cover Sheet, Notice of Acceptance Into Business Litigation Session (and attached form) and Order Allowing Motion For Appointment of Special Process Server. Copies of the Complaint, Summons, Civil Action Cover Sheet, Notice of Acceptance Into Business Litigation Session (and attached form) and Order Allowing Motion For Appointment of Special Process Server are attached as Exhibits A, B, C, D and E respectively.

2. On June 29, 2022, FedEx Ground filed an Assented To Motion to Extend Time To Answer, which was allowed by endorsement on July 5, 2022. A copy of the Motion and Order Allowing the Motion are attached as Exhibits F and G respectively.

3. The foregoing are the only process, pleadings, discovery or orders known by FedEx Ground to have been filed or purportedly served in this action.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on FedEx Ground.

**II.    VENUE**

5. The Superior Court for Suffolk County of the Commonwealth of Massachusetts is located within the District of Massachusetts. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**III.   BASIS FOR CAFA REMOVAL**

6. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is over 100; and where the matter in controversy exceeds the sum or value of $5,000,000,

exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

7. This Court has original jurisdiction over this action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class of plaintiffs is a citizen of a state different from Defendants, the number of members in Plaintiff's proposed class in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

8. At the time Plaintiff commenced this action in state court, there was minimal diversity of citizenship as required by CAFA, 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of Massachusetts. Ex. A at ¶2. Defendant FedEx Ground is a Delaware corporation with its principal place of business in Pennsylvania. *Id.* at ¶3. Defendant Michael Dacey is a citizen of Rhode Island. *Id.* at ¶5.

9. CAFA's class size requirement is also satisfied. This is a putative wage and hour class action to recover damages for alleged violations of M.G.L. c. 149, §§148 and 150, and M.G.L. c. 151, §§1, 1A and 1B. Plaintiff is a former delivery driver who worked for Defendant M&E Routes, Inc. and who performed deliveries of FedEx Ground packages. *See* Ex. A at ¶¶16-17. Plaintiff alleges that FedEx Ground and the other named Defendants failed to pay her and other delivery drivers for all hours worked, failed to pay promised bonuses, and failed to pay overtime. *See id.* at ¶49. The statute of limitations on Plaintiff's claims is three (3) years.

10. Based on FedEx Ground's review of data from the handheld scanner devices used by Plaintiff and other delivery drivers during the relevant period of time, there are approximately 110 individuals (including Plaintiff) who performed deliveries of FedEx Ground packages with

M&E Routes, Inc. in Massachusetts during the three (3) year limitation period. CAFA's size requirement is therefore satisfied.

11. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). The "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5,000,000]." *Standard Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). "[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009).

12. FedEx Ground does not employ delivery drivers, does not determine (or know) how those drivers are compensated by their Service Providers, and does not maintain employment records identifying the number of compensable hours they work on a weekly basis. Nonetheless, Plaintiff provides information in the Complaint that the amount in controversy on her individual claims is more than $50,000. *See* Ex. A at ¶7.

13. In addition to lost wages, Plaintiff seeks mandatory trebling under the Massachusetts wage and hour laws, costs and attorneys' fees. Therefore, using Plaintiff's estimate of her potential damages in this case and assuming each class member has the potential to recover the same amount, or more, the amount in controversy is at least $5,500,000.

14. Additionally, attorneys' fees are included in the amount-in-controversy calculations if the "statute mandates or allows for payment of the fees." *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001). Accordingly, CAFA's monetary requirements are met.

15. For the foregoing reasons, removal pursuant to CAFA is proper. CAFA's legislative history provides that any doubts regarding the maintenance of a class action in state or federal court should be resolved in favor of federal jurisdiction. *See*, *e.g.*, S. Rep. 109-14, reprinted in 2005 WL 627977, at *43 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *accord McMorris v. T.DC Companies, Inc.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007) (denying motion to remand and stating that "one of CAFA's primary mechanisms for expanding jurisdiction is to replace the strict complete diversity requirement with a lenient rule now granting jurisdiction if any diversity exists between Plaintiffs and defendants").

**IV.   CONCLUSION**

16. To date, FedEx Ground has not filed any responsive pleadings in Plaintiff's state court action, and no other proceedings have transpired in that action.

17. Pursuant to 28 U.S.C. § 1446(d), a notice to the state court of removal, along with a copy of this Notice will be filed with the Superior Court of Suffolk County, Massachusetts. Additionally, a copy of the notice to the state court and a copy of this Notice will also be served upon Plaintiff's counsel.

18. Pursuant to Local Rule 81.1(a), FedEx Ground will file with the Court certified or attested copies of all records, proceedings and docket entries in the state court within twenty-eight (28) days after filing this Notice of Removal.

19. By removing this matter, FedEx Ground does not waive, or intend to waive, any defense, including but not limited to insufficiency of process and insufficiency of service of process.

6

WHEREFORE, Defendant FedEx Ground respectfully requests to remove the aforesaid action to the United States District Court for the District of Massachusetts.

Respectfully submitted,

FEDEX GROUND PACKAGE SYSTEM INC.

By its attorneys,

/s/ *Andrea M. Sullivan*
Diane M. Saunders (BBO #562872)
Michael Clarkson (BBO #646680)
Andrea M. Sullivan (BBO #569280)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone:  617-994-5700
diane.saunders@ogletree.com
michael.clarkson@ogletree.com
andrea.sullivan@ogletree.com

Dated: July 13, 2022

## CERTIFICATE OF SERVICE

I hereby certify that, on July 13, 2022, I served the within document by emailing and mailing, postage prepaid, a copy of the same as follows to counsel for Plaintiff:

Eric R. LeBlanc
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
eleblanc@bennettandbelfort.com


Jeffrey M. Rosin
Jessica Kish Kennedy
O'Hagen Meyer, PLLC
111 Huntington Avenue
Suite 719
Boston, MA 01220
jrosin@ohaganmeyer.com
jkkennedy@ohaganmeyer.com

/s/ *Andrea M. Sullivan*
Andrea M. Sullivan